IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>                              )<br>            Plaintiff,        )<br>                              )<br>        v.                    )<br>                              )<br>PABLO S. CENICEROS-RIVERA,    )<br>                              )<br>            Defendant.        ) | Criminal Action No.<br>07-00424-01-CR-W-NKL |

## REPORT AND RECOMMENDATION
## TO ACCEPT DEFENDANT'S GUILTY PLEA

On December 19, 2007, I held a change-of-plea hearing after this case was referred to me by United States District Judge Nanette Laughrey. I find that defendant's plea was voluntary and therefore recommend that it be accepted.

### I. BACKGROUND

On December 19, 2007, defendant waived indictment and an information was filed charging defendant with one count of unlawful reentry into the United States after having been deported for a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a).

Judge Laughrey referred this case to me for conducting a change-of-plea hearing and issuing a report and recommendation on whether to accept the plea. On December 19, 2007, defendant appeared before me with his counsel, Assistant Federal Public Defender Robert Kuchar. The government was represented by

Assistant United States Attorney Joseph Marquez. The proceedings were recorded and a transcript of the hearing was filed on December 20, 2007.

## *II. AUTHORITY OF THE COURT*

The authority of federal magistrate judges to conduct proceedings is created and defined by the Magistrates Act, 28 U.S.C. § 636. Besides certain enumerated duties, the Act provides that a "magistrate may be assigned such additional duties as are not inconsistent with the Constitution and the laws of the United States." 28 U.S.C. § 636(b)(3).

The Eighth Circuit, following the reasoning of several other circuits, has held that magistrate judges may preside over allocutions and pleas in felony cases, so long as certain procedural safeguards are met. United States v. Torres, 258 F.3d 791, 795-96 (8th Cir. 2001); see also United States v. Dees, 125 F.3d 261 (5th Cir. 1997), United States v. Williams, 23 F.3d 629 (2d Cir. 1994). The reasoning applied by the appellate courts relies upon previous opinions by the United States Supreme Court that conducting jury *voir dire* falls within a magistrate judge's "additional duties" when the defendant has consented. United States v. Torres, 258 F.3d at 795 (citing Peretz v. United States, 501 U.S. 923 (1991), Gomez v. United States, 490 U.S. 858 (1989)).

2

In Peretz, the Supreme Court held that when a defendant consents to a magistrate judge's involvement in *voir dire*, he waives any objection based on his right to have an Article III judge hear his felony case. 501 U.S. at 936. Moreover, the availability of *de novo* review by a district judge preserves the structural guarantees of Article III. United States v. Torres, 258 F.3d at 795. Applying the Peretz holding and the reasoning of Williams, the Eighth Circuit held that the acceptance of guilty pleas bears adequate relationship to duties already assigned by the Magistrates Act in that "[a]n allocution is an ordinary garden variety type of ministerial function that magistrate judges commonly perform on a regular basis." Id. Plea allocutions are substantially similar to evidentiary proceedings explicitly assigned by the Act. Id. at 796 (citing United States v. Dees, 125 F.3d at 265). Even if taking a guilty plea were considered to be of greater importance than those duties already assigned, the consent of the defendant saves the delegation. Id. "Consent is the key." Id. (quoting United States v. Williams, 23 F.3d at 633).

The Torres court also addressed the implications of such a delegation for Article III's case and controversy clause. Id. Because plea proceedings are submitted to the district court for approval, the court retains ultimate control over the proceedings and is not bound to accept a plea taken by a magistrate judge.

3

Id. Moreover, the district court's *de novo* review of the plea proceedings contributes to the ministerial nature of the magistrate judge's role. Id.

Based on the above, I find that, with the consent of the defendant, the district court may properly refer a felony case to a Magistrate Judge for conducting a change-of-plea hearing and issuing a report and recommendation on whether the plea should be accepted.

*III. FINDINGS OF FACT*

1. On December 19, 2007, an information was filed charging defendant with one count of unlawful reentry into the United States after having been deported for a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a) (Tr. at 4-5). Defendant understood the charges in the information (Tr. at 4-5).

2. The statutory penalty for this offense is not more than 20 years in prison, not more than $250,000 fine, not more than three years supervised release, and a $100 special assessment (Tr. at 5-6). Defendant understood the statutory penalties (Tr. at 5-6).

3. Defendant was advised of and understood the following:

    a. That he has a right to a trial by jury of at least 12 individuals and that their verdict must be unanimous (Tr. at 6);

4

  b. That he has the right to assistance of counsel throughout the trial (Tr. at 6-7);

  c. That defendant is presumed innocent, and the government has the burden of coming forward to prove defendant's guilt beyond a reasonable doubt (Tr. at 6);

  d. That defendant's attorney would have the opportunity to cross examine the government witnesses (Tr. at 7);

  e. That defendant would have an opportunity to subpoena witnesses to testify on his behalf (Tr. at 7-8);

  f. That defendant would have an opportunity to testify on his own behalf, but that he would not be required to and the jury would be instructed that they could not draw an adverse inference if he chose not to testify (Tr. at 7-8); and

  g. That defendant would have an opportunity to appeal any conviction to the Eighth Circuit Court of Appeals (Tr. at 8-9).

4. Defendant was informed and understood that by pleading guilty, he is giving up all of the rights described above (Tr. at 9).

5. Defendant was informed that during the change-of-plea proceeding, he would be placed under oath and questioned by counsel and the judge (Tr. at 9). Defendant was further informed

that he must answer questions truthfully while under oath (Tr. at 9). Defendant stated that he understood (Tr. at 9).

6. Defense counsel had full access to the government's file and agreed that his review of the evidence and his independent investigation confirmed that the facts were as alleged by the government and that it is in the defendant's best interest to plead guilty (Tr. at 10).

7. The government made the following factual basis for the crime to which defendant intends to plead guilty:

On March 22, 2007, officers of the Kansas City, Missouri, Police Department and the Immigration and Customs Enforcement were conducting a narcotics investigation in regards to a residence at 1217 W. 21st Street in Kansas City, Missouri. At that time, they made contact with the defendant, told him they were conducted a narcotics investigation, and asked him if they could talk to him about it. Defendant allowed the officers to come into the residence. The officers again explained why they were there. They asked if there were any narcotics, money, or weapons in the house. Defendant said, "no". While the officers were inside the house, they made contact with defendant's common-law wife. Defendant and his wife consented to a search of the residence. The residence was searched and police found $1,400 in cash as well as marijuana, scales, and cocaine. Defendant said he had been paid to hold the marijuana and money for a third

6

party. Immigration and Customs Enforcement officials learned that defendant was arrested in 1997 in Shawnee County, suffered a drug conviction, and was deported to Mexico that same year (Tr. at 10-12).

 8. Defendant was placed under oath (Tr. at 10) and admitted the following:

 On March 22, 2007, defendant was an alien in this country; he had already been deported one time in 1997 after he was convicted of an aggravated felony; when he was discovered by authorities on March 22, 2007, he had not applied for or received approval to return to the United States; he was in this country illegally; and he knew that reentering the United States was against the law (Tr. at 13-14).

 9. There is no plea agreement in this case (Tr. at 14-16). Defendant is aware that he could be charged with offenses relating to the drugs found in his residence at the time of his arrest (Tr. at 14-16).

 10. No one has made any threats or promises in order to get defendant to plead guilty (Tr. at 16).

 11. Defendant is satisfied with the advice and guidance he has received from Mr. Kuchar (Tr. at 16). There is nothing he has done that defendant did not want him to do (Tr. at 16). There is nothing he has failed to do that defendant wanted him to do (Tr. at 16-17).

12.  Defendant is 34 years of age (Tr. at 17).  He has a ninth grade education (Tr. at 17).  Defendant has no mental health or substance abuse issues (Tr. at 17-18).  Defendant was not under the influence of any drug or alcohol during the change-of-plea hearing (Tr. at 17-18).

13.  Defendant tendered a plea of guilty to the count charged in the information (Tr. at 18).  The parties waived the ten-day objection period (Tr. at 19).

### IV.  ELEMENTS OF THE CHARGED OFFENSES

The essential elements of unlawfully reentering the United States after having been deported for a conviction for an aggravated felony are:  (1) defendant is an alien; (2) defendant was previously removed or departed the United States while an order of exclusion, deportation, or removal was outstanding; and (3) defendant entered or was found in the United States without proper permission.  United States v. Rodriguez-Arreola, 270 F.3d 611, 619 n.15 (8th Cir. 2001); United States v. Mendez-Morales, 384 F.3d 927, 929 (8th Cir. 2004), cert. denied, 543 U.S. 1172 (2005); United States v. Torres-Villalobos, 487 F.3d 607, 611 n.1 (8th Cir. 2007).

### V.  CONCLUSION

Based on the above, I make the following conclusions:

1.  The district court may lawfully refer this case to a Magistrate Judge for issuance of a report and recommendation on

8

whether defendant's guilty plea should be accepted.

2.   Defendant knowingly and voluntarily pleaded guilty to conduct establishing every element of the crime charged in the information.

Therefore, it is

RECOMMENDED that the court, after making an independent review of the record and the applicable law, enter an order accepting defendant's guilty plea and adjudging defendant guilty of the offense charged in the information.

/s/ Robert E. Larsen
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
December 26, 2007